IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRYAN CAPPS,

and

DONALD HICKS,

    PLAINTIFFS,

V.                                                  CIVIL ACTION NO.:

NET CONNECTION, LLC.

and

ROBERT "BOB" WATSON,
    DEFENDANTS.                               JURY DEMAND REQUESTED

## COMPLAINT

**I.   JURISDICTION**

    1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202, 29 U.S.C. §216(b), and pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and jurisdiction for pendent state law claims. The jurisdiction of this Court is invoked to secure the protection for and to redress the deprivation of rights secured by the FLSA, and pendent state claims.

1

## II.  PARTIES

2. Plaintiff, Bryan Capps (hereinafter "Plaintiff" and/or "Capps"), is a current resident of Vestavia Hills, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the time of the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus pursuant to 28 U.S.C.§ 1391(b), venue for this action properly relies in the Northern District, Southern Division.

3. Plaintiff, Donald Hicks (hereinafter "Plaintiff" and/or "Hicks"), is a current resident of Trussville, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the time of the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e) (1). Thus pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Northern District, Southern Division.

4. Defendant, Net Connection, LLC (hereinafter "Net Connection"), is registered with the State of Alabama and doing business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendant. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

5. Defendant, Robert "Bob" Watson (hereinafter "Watson") is an employer within the meaning of the FLSA, as he directed the operations of the

Defendants complained of herein in violation of the FLSA. Defendant Watson is a resident of the State of Alabama, Northern District of Alabama.

## III. STATEMENT OF FACTS

6. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-5 above.

*Facts regarding Bryan Capps*

7. Plaintiff Capps began work with Defendants in September of 2004.

8. At the time of Plaintiff Capps' termination of employment on May 5, 2014, Plaintiff Capps held the position of Field/Working Foreman.

9. Plaintiff Capps' last rate of pay was $250 per diem, plus $31.50 per hour for weekend work up to eight hours per day.

*Facts regarding Donald Hicks*

10. Plaintiff Hicks began work with Defendants in March 2005.

11. At the time of Plaintiff Hicks' termination of employment on May 5, 2014, Plaintiff Hicks held the position of Field/Working Foreman.

12. Plaintiff Hicks' last rate of pay was $240 per diem, plus $30.76 per hour for weekend work up to eight hours per day.

## IV. COUNT ONE – FLSA OVERTIME VIOLATIONS

13. Plaintiffs adopt by reference each and every material averment contained in paragraphs 1 through 12 above as if fully set forth herein.

14. Plaintiffs regularly worked over forty hours in a work week.

15. Defendant paid each Plaintiff a salary based on a daily rate, Monday through Friday, with an hourly rate for weekend work up to eight hours per weekend day, determined based upon their per diem divided by eight hours.

16. When Plaintiffs worked on government jobs for Defendant's benefit, Defendant paid each Plaintiff a different rate of pay based on a "prevailing rate."

17. Each Plaintiff worked with zero to two crew members on a job.

18. Both Plaintiff's job duties entailed performing whatever work the job required from setting poles; framing poles; painting poles; hanging net; hanging cable; shoveling dirt; and driving the Derrick.

19. The only job duties separating Plaintiffs from individuals they might be supervising on a particular job was the duty to turn in time sheets for themselves and anybody working with them and making the initial customer contact.

20. Neither Plaintiff had the authority to hire, fire, or discipline the crew members.

21. Plaintiffs worked with individuals as opposed to supervising individuals.

22. Defendants set an hourly rate for Plaintiffs for weekend work for performance of the same job duties that they performed during the week.

4

23. Despite the fact that Defendants paid Plaintiffs a straight hourly rate for weekend work up to eight hours, they failed to pay Plaintiffs for all hours worked in excess of forty in a work week at one and one-half times their regular hourly rate of pay as required by the FLSA.

24. Plaintiffs did not fall under any of the exemptions for overtime pay, therefore, they were improperly classified as exempt employees in violation of the FLSA.

25. Each Plaintiff's primary job duty was performance of the work which was the same work performed by crew members, and such work did not involve management of a crew.

26. As the result of Defendants' willful and intentional violation of the FLSA, Plaintiffs have been damaged, suffering loss of overtime pay.

V.   COUNT TWO – Monies Due and Owing

27. Plaintiffs adopt by reference each and every material averment contained in paragraphs 1 through 26 above as if fully set forth herein.

28. Both Plaintiffs used American Express cards in their individual names for both personal use when out of town for long periods, as well as for corporate use.

29. Both Plaintiffs borrowed small amounts from Defendants that were then cut from their paychecks each week.

30. Defendants never provided Plaintiffs with an accounting of monies borrowed and repaid by them pursuant to the payroll deductions.

31. Plaintiffs turned in receipts for payment for expenses incurred on behalf of the company while they were stationed out of town to complete work for the benefit of Defendants.

32. Defendants reimbursed some, but not all of the expenses Plaintiff incurred on behalf of Defendants.

33. Defendants cut sums of money over and above what was owed to Defendant from Plaintiffs' paychecks without authorization from Plaintiffs to make the withdrawals, thereby taking money due and owing to Plaintiffs.

34. Plaintiffs demand of Defendants a refund with interest of all monies not authorized to be withdrawn from Plaintiffs' paychecks for sums in excess of any monies that Plaintiffs may have owed Defendants for personal use.

## VI.    COUNT THREE – Demand for Accounting

35. Plaintiffs adopt by reference each and every material averment contained in paragraphs 1 through 34 above as if fully set forth herein.

36. Plaintiffs demand that Defendants provide an accounting of all money borrowed from Defendants.

37. Plaintiffs demand an accounting of all sums from Plaintiffs' paychecks for reimbursement to Defendants of items used by Plaintiffs for personal use and charged to Defendants by credit card or otherwise.

38. Plaintiffs demand an accounting of Defendants for all expenses incurred by Plaintiffs on behalf of Defendants and turned into Defendants for the five years preceding the filing of this complaint, showing both expenses incurred and whether such expenses were paid by Defendants or ultimately, by Plaintiffs when Defendants deducted such sums from Plaintiffs' paycheck when such expenses were incurred for Defendants' benefit.

39. Plaintiffs demand an accounting of all deductions from their paychecks for the five years preceding the filing of this complaint deducted for any purpose other than taxes paid to taxing authorities.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A. The Court issue proper process to compel Defendants to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiffs the amount of their back overtime pay, unpaid overtime wages, plus an additional equal amount as liquidated damages, compensatory damages, nominal damages, and special damages;

C. That Plaintiffs be granted judgment against Defendants for all reasonable attorneys' fees, costs, disbursements and interest; and

D. For such other and further relief as this Court deems equitable, proper and just.

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, AL  35203
205.252.1550 – Office; 205.252.1556 – Facsimile

## JURY DEMAND

PLAINTIFFS DEMAND A TRIAL BY JURY FOR THE TRIAL OF THIS CAUSE.

_____
COUNSEL FOR PLAINTIFFS

**SERVE DEFENDANTS:**

Net Connection, LLC
c/o Agent for Service of Process
Robert S. Watson
3195 Highway 280 E, Suite D 11
Birmingham, AL 35243

Robert "Bob" Watson
3195 Highway 280 E, Suite D 11
Birmingham, AL 35243